IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAU D. HO-HUYNH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. G-14-69 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Document No. 7), Defendant's Motion to Strike Plaintiff's Amended Petition (Document No. 38), and Plaintiff's Motion for Leave to File a Second Amended Complaint (Document No. 41). Having considered the motions, submissions, and applicable law, the Court determines Defendant Bank of America, N.A.'s Motion to Dismiss should be granted, Defendant's Motion to Strike Plaintiff's Amended Petition should be granted, and Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

## I. BACKGROUND

This is a quiet title case arising out of a non-judicial foreclosure on Plaintiff Chau D. Ho-Huynh's ("Ho-Huynh") property. Ho-Huynh contends the deed of trust with Defendant Bank of America, N.A. ("BANA") is invalid and of no force or effect.

BANA contends Ho-Huynh's claim does not state a claim upon which relief can be granted and is precluded by res judicata, and moves to dismiss the action in its entirety.

A.     *The Pending Lawsuit*

On June 7, 2007, Ho-Huynh and her husband, Tu Nguyen ("Nguyen"), executed a note (the "Loan") and a deed of trust (the "Deed of Trust") to obtain financing in connection with real property located at 22126 Kennedy Drive, Galveston, Texas 77554 (the "Property"). The Deed of Trust named BANA as lender and beneficiary.[1]

On September 18, 2013, the 212th Judicial District Court of Galveston issued a "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim" pursuant to § 51.903 of the Texas Government Code that found the Deed of Trust does not create a lien or claim against real property.

On January 10, 2014, BANA notified Ho-Huynh that she was in default of her obligation to repay the Loan, and notified her of the scheduled foreclosure. On January 30, 2014, Ho-Huynh filed a Verified Application for Temporary Restraining,

---

[1] *Notice of Removal*, Document No. 1, Exhibit 3 at 2 (*Plaintiff's Original Petition*) [hereinafter *Plaintiff's Original Petition*].

2

Temporary Injunction, and Permanent Injunction against BANA in the 212th Judicial District Court of Galveston, Texas, alleging BANA lacks capacity to foreclose upon the Property because the Deed of Trust is invalid.[2] On February 24, 2014, Ho-Huynh filed an Amended Verified Original Petition seeking declaratory judgment on claims in the original petition.[3] BANA timely removed this action to this Court on March 6, 2014. This pending suit is the fourth lawsuit in a series of actions by Ho-Huynh or Nguyen against BANA. The Court will discuss the first three lawsuits in turn.

B.     *Nguyen I*

After Ho-Huynh and Nguyen's initial default on the terms of the Loan, BANA scheduled a foreclosure sale of the Property for January 3, 2012. In response, Nguyen filed a lawsuit in the 113th Judicial District Court of Harris County, Texas on December 22, 2011, and BANA timely removed the lawsuit to this Court. Nguyen alleged sixteen state and federal causes of action against BANA. This Court granted the parties' agreed motion to dismiss and dismissed the lawsuit, with prejudice, on February 21, 2012.

C.     *Nguyen II*

Nguyen filed a second lawsuit on April 30, 2012, in the 113th Judicial District Court of Harris County, Texas, and BANA timely removed the lawsuit to this Court.

---

[2] *Plaintiff's Original Petition, supra* note 1, at 3.

[3] *Notice of Removal*, Document No. 1, Exhibit 3 at 44 (*Plaintiff's Amended Petition*).

Nguyen asserted identical claims and added a claim for breach of fiduciary duty. This Court granted BANA's motion for summary judgment, based on the doctrine of res judicata, and dismissed the case, with prejudice, on July 18, 2012. The United States Court of Appeals for the Fifth Circuit affirmed this Court's decision on March 8, 2013, because both actions arose out of the same nucleus of operative facts.

D.    *Nguyen III*

Nguyen filed a third lawsuit on September 13, 2012, in the 270th Judicial District Court of Harris County, Texas, and BANA timely removed the case to this Court. Nguyen sought a declaration that the Deed of Trust was invalid and an order to quiet title to the Property. On January 17, 2013, this Court granted BANA's motion to dismiss, with prejudice, based on the doctrine of res judicata and pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States District Court of Appeals for the Fifth Circuit affirmed the dismissal of the third lawsuit on August 19, 2013.

E.    *Pending Motions*

BANA filed a motion to dismiss this suit pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. At the Court's request, BANA and Ho-Huynh filed supplemental briefing on the issue of res judicata.

After the motion to dismiss was filed, Ho-Huynh filed a second amended petition. BANA then filed a motion to strike the seconded amended petition, alleging

4

the petition was untimely and filed without leave of court or consent of BANA. Ho-Huynh then filed a motion for leave to file the second amended petition.

II. STANDARD OF REVIEW

*A.      Rule 12(b)(6)*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

5

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

B.   Res Judicata

Res judicata is an affirmative defense. FED. R. CIV. P. 8(c). Generally summary judgment is the proper standard for determining whether a claim should be dismissed based on res judicata. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 & n.2 (5th Cir. 2005)). This is because a court must accept all facts in the complaint as true and cannot look beyond the pleadings when determining a Rule 12(b)(6) motion. *Id.* Courts are allowed to take judicial notice of matters of public record when deciding a Rule 12(b)(6) motion to dismiss; therefore, "if, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Id.* at 227–28 (citing *Kansa Reinsurance Co. Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, the Court finds that the facts pleaded in Ho-Huynh's amended petition, along with the pleadings and Court orders in *Nguyen I-III* (which are a part of the public record), are sufficient to determine the sufficiency of the res judicata affirmative defense. Therefore, a decision under Rule 12(b)(6) motion is appropriate in this case.

6

### III. LAW & ANALYSIS

*A.    Motion to Dismiss*

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010). Res judicata applies if (1) the parties to both actions are identical or in privy; (2) a judgment was rendered in the first action by a court of competent jurisdiction; (3) the judgment in the first action was a final judgment on the merits; (4) the same claim or cause of action was at issue in both suits. *Ellis*, 211 F.3d at 937. At the outset, the Court takes judicial notice of the various pleadings and dispositions in *Nguyen I–III*, cause numbers 4:12-CV-333, 4:12-CV-1481, and 4:12-CV-3158, filed in this Court. *See Funk v. Stryker, Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). The second element is not at issue in this suit—there is no dispute that the Southern District of Texas is a court of competent jurisdiction. The court will consider each of the remaining three elements in turn.

7

*1.    Whether the parties are identical to, or in privity with, the parties of the*

   *prior action*

Ho-Huynh contends the first element of res judicata has not been met because the parties are different in this suit than in *Nguyen I–III*. Here, Hu-Huynh has sued BANA, whereas Nguyen sued BANA in the prior lawsuits. Hu-Huynh argues she did not participate in, was not joined, and was not an indispensable party to the previous lawsuits. BANA contends Ho-Huynh and Nguyen are in privity with each other for purposes of res judicata because they are co-signors of the Deed of Trust challenged in previous lawsuits. BANA also argues Ho-Huynh's interests were adequately represented by Nguyen in previous lawsuits because Ho-Huynh and Nguyen have the same legal interest in the Property.

Res judicata precludes litigation by parties that are identical to those in a prior action or those that are in privity with the parties of the prior action. *See Aerojet–Gen. Corp. V. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) ("Under the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."). For purposes of res judicata, privity "represents a legal conclusion that the relationship between the one who is a party to the record and the non-party is

8

sufficiently close to afford application of the principles of preclusion." *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977).

A non-party and a party of record that have a pre-existing substantive legal relationship are sufficiently close to preclude the non-party for purposes of res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Under Texas law, property possessed by either spouse during marriage is presumed to be community property and creates a fiduciary duty between husband and wife regarding such property. *Cuauhtli v. Chase Home Finance LLC*, 308 F. App'x 772, 773 (5th Cir. 2009) (holding borrower's claims were barred by res judicata in light of wife's prior suit against lender over the same foreclosure). This fiduciary relationship is the type of substantive legal relationship that is sufficient for claim preclusion purposes. *Id.*

Ho-Huynh and Nguyen—the plaintiff in the three prior lawsuits—are spouses and possessed the Property during their marriage. Further, Ho-Huynh's interest in the Property was represented in the prior lawsuits because Ho-Huynh and Nguyen are co-signors of the Deed of Trust. If relief had been granted in the prior lawsuits, Ho-Huynh would have benefited even though she was not a party to the lawsuit. As such, the Court finds the plaintiff in *Nguyen I–III* is in privity with Ho-Huynh, sufficient to satisfy the first element of res judicata.

*2.    Whether there has been a final judgment on the merits*

Ho-Huynh does not specifically argue the third element has not been met. Nonetheless, because BANA, as movant, bears the burden of establishing res judicata precludes this litigation, the Court will consider whether there was a final judgment on the merits. An order of dismissal with prejudice is a final judgment on the merits for res judicata purposes. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (holding an order of dismissal without prejudice is not a final judgment on the merits). This Court dismissed *Nguyen I* and *Nguyen II*, with prejudice, and granted BANA's motion for summary judgment in *Nguyen III*, with prejudice. Ho-Huynh was also "WARNED that further litigation of this dispute in the nature of a new suit may be met with severe monetary sanctions, as further litigation would be wholly frivolous." *Nguyen v. Bank of America, N.A.*, No. 4:12-CV-3158 (S.D. Tex. Jan. 17, 2013), ECF No. 25 (Hoyt, J.). Accordingly, there has been a final judgment on the merits for res judicata.

*3.    Whether the same claim or cause of action is involved*

Ho-Huynh also does not specifically argue the fourth element has not been met. For reasons stated above, the Court will consider whether the same claim or cause of action is involved. The Fifth Circuit uses "a transactional test to determine whether two cases involve the same claim or cause of action." *Ramos v. United States*, No.11-20286, 2011 WL 6412072, at *1 (5th Cir. Dec. 21, 2011).

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Under the transactional test, "the critical issue is whether the plaintiff bases the two actions on the same nucleus of operative facts." *Ellis*, 211 F.3d at 938. "[R]es judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." *Id.* at 938 n.1.

Nguyen filed lawsuits against BANA in *Nguyen I–III* that contested BANA's right to foreclose on the Property. This Court noted in *Nguyen III* that pleadings in *Nguyen I* and *II* arose out of the same nucleus of operative fact as the claims in *Nguyen III*. Ho-Huynh's petition in this lawsuit alleges no claim that does not arise out of the BANA's attempted foreclosure on the Property, and thus this case is barred by res judicata.

Ho-Huynh appears to assert a cause of action pursuant to § 51.903 of the Texas Government Code and the 212th District Court's Judicial Finding of Fact and

11

Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim, which was filed after the dismissal of *Nguyen III* but before the pending action. Ho-Huynh argues this invalidates the Deed of Trust and prohibits Defendant from foreclosing on the Property.

Although this claim also arises out of the attempted foreclosure on the Property and thus is barred by res judicata, the Court will consider its validity because it could not have been brought in *Nguyen I–III*.

Courts have consistently struck down challenges to the assignment of mortgage documents brought pursuant to § 51.903, on the basis that an assignment or transfer does not create a lien. *Marsh v. JP Morgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 811 (W.D. Tex. 2012); *see also In re Campbell*, No. 03-11-00524-CV, 2012 WL 1811616, at *2 (Tex. App.—Austin 2012, no pet.) (unpublished). As one Texas court explained in rejecting a plaintiff's § 51.903 claim seeking to challenge the assignment of a note and deed of trust,

> [plaintiff's] reliance on government code section 51.903 to challenge the assignment's validity is misplaced. Section 51.903 does not apply to assignments: rather, it applies only to documents or instruments "purporting to create a lien or claim" against property. The assignment at issue in the present case does not purport to create a lien or claim, it merely purports to transfer an existing deed of trust from one entity to another. We conclude that the [plaintiff] cannot rely on government

12

> code section 51.903 to challenge the validity of an assignment of a deed
> of trust based on an alleged lack of authority to make the assignment.

*In re Campbell*, 2012 WL 1811616, at *2 (citations omitted); *accord Marsh*, 888 F.

Supp. 2d at 811. In the present action, the Deed of Trust does not create a lien. Rather,

it assigns the parties' interests in the Property. Therefore, the Ho-Huynh's fraudulent lien

claim pursuant to § 51.903 is void and does not state a claim upon which relief can be

granted pursuant to Rule 12(b)(6). The final element of res judicata is satisfied.

Accordingly, the Court finds that the claims brought in the pending suit are the

same as those in *Nguyen I–III*. Having found that all four elements of res judicata have

been met, BANA's motion to dismiss is granted and Ho-Huynh's claims are dismissed.

### B.    *Motion for Leave to Amend and Motion to Strike*

Rule 15(a)(2) requires that leave to amend be granted freely "when justice so

requires." FED. R. CIV. P. 15(a)(2). The Court "may consider a variety of factors" when

deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory

motive on the part of the movant, repeated failures to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427

F.3d 987, 987, 994 (5th Cir. 2005).

Ho-Huynh requests leave to correct a typo and narrow the claims in her otherwise

identical second amended complaint. The Court finds that these corrections would be futile because the doctrine of res judicata still precludes Ho-Huynh's claims even in her second amended petition. Additionally, allowing leave to amend would prejudice BANA in requiring an additional motion to dismiss, causing undue delay. Therefore, Ho-Huynh's motion for leave to amend is denied, and BANA's motion to strike Ho-Huynh's second amended complaint is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Bank of America, N.A.'s Motion to Dismiss (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Defendant's Motion to Strike Plaintiff's Amended Petition (Document No. 38) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's Motion for Leave to File a Second Amended Complaint (Document No. 41) is **DENIED**. The Court further

**ADMONISHES** Plaintiff Chau D. Ho-Huynh that further litigation regarding the foreclosure at issue in this case will result in severe sanctions—including but not limited to monetary sanctions—because this litigation is substantially, if not completely, similar to three prior lawsuits brought by Ho-Huynh's husband against Defendant Bank of America, N.A.

SIGNED at Houston, Texas, on this __14__ day of November, 2014.

DAVID HITTNER
United States District Judge